UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER BROWN-MENDOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0132-B |
| | § | |
| JOE DEREK KING, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Joe Derek King's Motion to Dismiss (Doc. 5). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** King's Motion.

## I.

## BACKGROUND

This is a breach of contract and fraud case. King, a retired National Football League ("NFL") player, told Plaintiff Jennifer Brown-Mendoza that he was going to receive a large settlement from the NFL. Doc. 1, Compl., ¶ 10. Based on King's representations, Brown-Mendoza purchased a truck and motorcycle for King. *Id.* ¶¶ 12–13. King promised to repay Brown-Mendoza. *Id.* Brown-Mendoza also loaned King $15,000 in cash, which he agreed to repay. *Id.* ¶ 14. King has not repaid Brown-Mendoza for either the vehicles or cash loan. *Id.* ¶ 15.

Brown-Mendoza sued King and asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraud. *Id.* ¶¶ 18–28. King moves to dismiss all three claims for failure to state a claim. Doc. 5, Mot., 1. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

## III.

## ANALYSIS

The Court **GRANTS IN PART** and **DENIES IN PART** King's Motion to Dismiss. Brown-Mendoza stated a claim for breach of contract, but she failed to state a claim for both breach of the covenant of good faith and fair dealing and fraud. However, the Court grants leave to amend.

A.     *Brown-Mendoza Stated a Breach of Contract Claim.*

Brown-Mendoza alleged each element of her breach of contract claim. Under Texas law, the elements of a breach of contract are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (applying Texas law and citing *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.–Houston [1st Dist.] 2001, no pet.)). Here, Brown-Mendoza stated a breach of contract claim. She alleges: (1) that King agreed to repay her for the vehicles and $15,000 cash payment; (2) that Brown-Mendoza purchased two vehicles and loaned King $15,000; (3) that King breached by not paying her back; and (4) that she suffered financial damages as a result of the breach. Doc. 1, Compl., ¶¶ 12–17.

King argues that Brown-Mendoza failed to state a claim because she did not allege that their contract was in writing. Doc. 6, Def.'s Br., 5. Accordingly, King argues the Court should dismiss the claim because it is barred by the statute of frauds. *Id.* The statute of frauds requires a promise to pay the debt of another to be in writing. TEX. BUS. & COMM. CODE § 26.01(b)(2).

Even if the statute of frauds applies, it is not a ground to dismiss under 12(b)(6) here. The statute of frauds is an affirmative defense. FED. R. CIV. P. 8(c)(1). "[W]hen a successful affirmative

defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reins. Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). "In order for an agreement to violate the statute of frauds on the face of the complaint, the plaintiff must indicate that the agreement is not written." *Pub. Health Equip. & Supply Co., Inc. v. Clarke Mosquito Control Prods., Inc.*, 410 Fed. App'x 738, 741 (5th Cir. 2010). Moreover, "[p]leadings need not identify every element of [a] claim, particularly where the contested elements relate to the affirmative defense of the statute of frauds." *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, N.A.*, 467 F.3d 466, 470 (5th Cir. 2006). Here, the Complaint does not allege that the agreement was not written. Thus, the statute of frauds affirmative defense does not appear on the face of Brown-Mendoza's Complaint. Accordingly, the Court will not dismiss Brown-Mendoza's breach of contract claim based on the statute of frauds. *See Lowe v. Connect Invest Corp.*, No. 1:20-CV-174-LY, 2020 WL 10355788, at *7 (W.D. Tex. Sept. 25, 2020).

King also argues that Brown-Mendoza failed to allege damages because she alleged that she suffered "damage to her credit rating," Doc. 1, Compl., ¶ 32, but failed to allege that she was either denied a loan or given a higher interest rate as necessary to suffer an injury, Doc. 6, Def.'s Br., 5. King's argument misses the point. While Brown-Mendoza might not have alleged an inability to obtain a loan, she alleged she suffered other damages. Based on her Complaint, King has not repaid Brown-Mendoza for the $15,000 in cash she loaned him or for the two vehicles King continues to possess. Doc. 1, Compl., ¶¶ 28–29. Accordingly, Brown-Mendoza adequately alleged that she suffered damages from the breach.

Lastly, King argues in his Motion that he financed part of the vehicles and that the cash was actually a gift from Brown-Mendoza. Doc. 6, Def.'s Br., 1–2. But the Court does not resolve factual

-4-

disputes at the motion to dismiss stage. *Morgan v. Swanson*, 659 F.3d 359, 420 n.36 (5th Cir. 2011). Instead, "[t]he court accepts all well-pleaded facts as true." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (citations omitted). And taking all well-pleaded facts as true, Brown-Mendoza has stated a claim for breach of contract.

B.    *Brown-Mendoza Failed to State a Breach of the Covenant of Good Faith and Fair Dealing Claim.*

Brown-Mendoza's breach of the covenant of good faith and fair dealing claim is dismissed because she states that she "withdraws this claim." Doc. 11, Resp., 5. Accordingly, the Court dismisses her claim for breach of the covenant of good faith and fair dealing without prejudice.

C.    *Brown-Mendoza Failed to Plausibly Allege Her Fraud Claim.*

Brown-Mendoza's fraud claim is dismissed because she failed to plead her fraud claim with particularity. The elements of a common law fraud claim under Texas law are (1) a material representation was made; (2) the representation was false; (3) the speaker knew it was false or made it recklessly; (4) the speaker made the representation with the intent that the other party should rely on it; (5) the other party relied on it; and (6) the party was injured because of its reliance. *Allstate Ins. Co. v. Receivable Fin. Co., LLC*, 501 F.3d 398, 406 (5th Cir. 2007); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

Fraud claims are subject to a heightened pleading standard. To survive a motion to dismiss, a plaintiff must allege the elements of fraud with particularity. FED. R. CIV. P. 9(b); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). "Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey*, 540 F.3d at 339.

Brown-Mendoza failed to plead fraud with particularity. She alleges that she relied on King's statement that he was about to receive a large settlement from the NFL when she loaned him money and purchased vehicles for him. Doc. 1, Compl., ¶¶ 11, 27. However, Brown-Mendoza does not allege that King knew this statement was false at the time he made it. *See Allstate Ins. Co.*, 501 F.3d at 406. And "a statement true when made does not become fraudulent because things unexpectedly go wrong." *Bustos v. Invierte En Tex., LLC*, No. 4:22-CV-02690, 2024 WL 3364039, at *7 (S.D. Tex. June 3, 2024) (citation omitted). Accordingly, the Complaint "must adequately explain why the statement was fraudulent when made." *Id.* (citation omitted).

Moreover, Brown-Mendoza does not allege when and where the fraudulent statements were made. *Dorsey*, 540 F.3d at 339 (noting that plaintiffs alleging fraud must "state when and where the statements were made"). Accordingly, the Court dismisses Brown-Mendoza's fraud claim without prejudice.

D.    *The Court Grants Leave to Amend.*

The Court grants leave for Brown-Mendoza to amend her Complaint. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). District courts give plaintiffs leave to amend their complaints "when justice so requires." FED. R. CIV. P. 15(a)(2). This liberal standard, however, is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

When deciding whether to grant leave to amend, district courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citations and emphasis omitted). Granting leave to amend a complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Brown-Mendoza may amend her Complaint. She has not yet amended her claims, and granting leave to amend would not be futile because Brown-Mendoza could, with more facts, allege plausible claims. *See id.* Accordingly, the Court grants Brown-Mendoza leave to amend.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** King's Motion to Dismiss (Doc. 5). Brown-Mendoza's fraud and breach of the covenant of good faith and fair dealing claims are **DISMISSED WITHOUT PREJUDICE**. Should Brown-Mendoza elect to file an amended complaint, she must do so within **21 days** from the date of this Order.

SO ORDERED.

SIGNED: June 2, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE